William Turley, Esq. (122408)
David Mara, Esq. (230498)
Jamie Serb, Esq. (289601)
Katharine McCall, Esq. (306335)
**THE TURLEY & MARA LAW FIRM, APLC**
7428 Trade Street
San Diego, California 92121
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for SHENNADOAH MAXWELL, on behalf of himself,
all others similarly situated, and on behalf of the general public.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENNADOAH MAXWELL, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>MCLANE SUNEAST, INC.; and DOES 1-100,<br><br>Defendants. | Case No. 2:17-cv-550 PA-AS<br><br>**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**<br><br>1) **Failure to Pay All Straight Time Wages;**<br>2) **Failure to Pay Overtime;**<br>3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8 § 11090);**<br>4) **Failure to Authorize and Permit Paid Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090);**<br>5) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 226.2 1174, 1175);**<br>6) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**<br>7) **Failure to Reimburse/Illegal Deductions (Lab. Code §§ 221, 2802, Cal. Regs., tit. 8, § 11090(8));**<br>8) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT     1

Plaintiff SHENNADOAH MAXWELL on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendant and/or DOES and for causes of action and alleges:

1.  This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, SHENNADOAH MAXWELL and all non-exempt, truck workers, truck drivers, drivers, or similar job designations who are/were paid on a piece-rate basis and who are presently or formerly employed by MCLANE SUNEAST, INC. and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.  At all times mentioned herein, MCLANE SUNEAST, INC. owns and operates trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, MCLANE SUNEAST, INC. and/or DOES have conducted business in Alameda County and elsewhere within California.

3.  At all times mentioned herein, MCLANE SUNEAST, INC. and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former Non-Exempt Employees with job titles including, truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers (hereinafter "Non-Exempt Employees").

4.  At all times mentioned herein, MCLANE SUNEAST, INC. has had the ability to hire and fire employees at MCLANE SUNEAST, INC.

5.  At all times mentioned herein, MCLANE SUNEAST, INC. has, directly or indirectly, employed or exercised control over the wages, hours, or working conditions of Non-Exempt Employees at MCLANE SUNEAST, INC.

6.  At all times mentioned herein, MCLANE SUNEAST, INC. has had common policies and practices that controlled and affected Non-Exempt Employees at MCLANE SUNEAST, INC.

7.  At all times mentioned herein, the common policies and practices of MCLANE

SUNEAST, INC. and/or DOES were a direct cause of Defendant's failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

8.    For at least four years prior to the filing of this action and through to the present, MCLANE SUNEAST, INC. and/or DOES have had a consistent policy of failing to compensate Non-Exempt Employees within the State of California, including Plaintiff, for all hours worked and all miles driven, per Defendant's piece-rate pay plan.

9.    For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

10.    For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

11.    For at least four years prior to filing of this action and through the present, Defendant MCLANE SUNEAST, INC. and/or DOES did not have a policy of allowing Plaintiff and the proposed class working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

12.    For at least four years prior to the filing of this action and through to the present,

Defendant MCLANE SUNEAST, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

13.   For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a paid 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

14.   For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

15.   For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendant MCLANE SUNEAST, INC. and/or DOES' employ or who were terminated.

16.   For at least four years prior to the filing of this action and through to the present, Defendant MCLANE SUNEAST, INC. and/or DOES, by failing to lawfully pay Non-Exempt Employees, including Plaintiff and those similarly situated, all the wages they are owed, failing to reimburse and/or indemnify business expenses, failing to provide meal

and rest periods, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the *Business and Professions Code* section 17200, et seq.

17. For at least four years prior to the filing of this action and through to the present, MCLANE SUNEAST, INC. and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

18. MCLANE SUNEAST, INC. and/or DOES' business is staffed, *inter alia*, by employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or any similar job designation or title who are/were paid on a piece-rate basis, employed by Defendant in Alameda County and throughout the State of California.

19. Throughout the statutory period, Plaintiff and similarly situated Non-Exempt Employees were employed by Defendant MCLANE SUNEAST, INC. and/or DOES as industrial truck workers, industrial vehicle workers, and/or industrial workers and/or other employees with similar job titles or designations who were paid on a piece-rate basis.

20. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

21. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

22. MCLANE SUNEAST, INC. and/or DOES failed to comply with Labor Code section 226, subdivision (a) by failing to specify required items in Plaintiff' and members of the proposed class' wage statements, such as accurately reporting total hours worked by

Plaintiff and members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

23.    MCLANE SUNEAST, INC. and/or DOES failed to comply with Labor Code section 226.2, subdivision (a), by failing to specify the total hours of compensable rest and recovery periods, and the total hours of "nonproductive time." Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

24.    MCLANE SUNEAST, INC. and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

25.    MCLANE SUNEAST, INC. and/or DOES' failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of MCLANE SUNEAST, INC. and/or DOES' duty owed to Plaintiff and the proposed class.

26.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

27.    Defendant MCLANE SUNEAST, INC. and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendant and/or DOES' denial of wages and other compensation due to Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

28.    Defendant MCLANE SUNEAST, INC. and/or DOES each and collectively controlled the wages, hours, and working conditions of Plaintiff and the Class they seek to represent,

creating a joint-employer relationship over Plaintiff and the Class they seek to represent.

29.    Plaintiff SHENNADOAH MAXWELL on behalf of himself and all of MCLANE SUNEAST, INC. and/or DOES' Non-Exempt Employees, bring this action pursuant to *California Labor Code* sections 226, subd. (b), 226.7. 510, 512, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking unpaid wages, overtime, unpaid reimbursement for business expenses, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

30.    Plaintiff SHENNADOAH MAXWELL on behalf of himself and all putative Class Members MCLANE SUNEAST, INC. and/or DOES' Non-Exempt Employees, pursuant to *California Business and Professions Code* sections 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits MCLANE SUNEAST, INC. and/or DOES enjoyed from their failure to pay all straight time wages, overtime wages, and meal and rest period compensation.

## I.    VENUE

31.    Defendant MCLANE SUNEAST, INC. and/or DOES removed this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds that federal jurisdiction exists under the Class Action Fairness Act of 2004, codified in part at 28 U.S.C. § 1332(d).

32.    On January 23, 2017, this case was transferred to the United States District Court for the Central District of California.

33.    Venue as to Defendant, MCLANE SUNEAST, INC. and/or DOES is proper in this judicial district. Defendant MCLANE SUNEAST, INC. and/or DOES conduct business and commit Labor Code violations within San Bernardino County, and each Defendant and/or DOE is within California for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within San Bernardino County. Defendant MCLANE SUNEAST, INC. and/or DOES employ numerous Class Members who work in San Bernardino

County, in California.

## II.  PARTIES

A.    Plaintiff.

34.    At all relevant times herein, Plaintiff SHENNADOAH MAXWELL is and was a resident
of California. At all relevant times herein, he was employed by Defendant MCLANE
SUNEAST, INC. and/or DOES within the last four years as a non-exempt truck worker,
industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker
and/or any similar job designation who was paid on a piece-rate basis at MCLANE
SUNEAST, INC. and/or DOES in California. Throughout his employment with
MCLANE SUNEAST, INC. and/or DOES, SHENNADOAH MAXWELL was employed
as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial
vehicle driver, industrial worker, and/or any similar job designation.

35.    On information and belief, Plaintiff and all other members of the proposed Class
experienced Defendant MCLANE SUNEAST, INC. and/or DOES' common company
policies of failing to pay all straight time and overtime wages owed.

36.    On information and belief, Plaintiff and all other members of the proposed Class
experienced Defendant MCLANE SUNEAST, INC. and/or DOES' common company
policies of illegally failing to pay for all hours worked.

37.    On information and belief, Plaintiff and all other members of the proposed Class
experienced Defendant MCLANE SUNEAST, INC. and/or DOES' common policies
and/or practices of failing to pay all straight time and overtime wages owed, auto-meal
deduct, and providing no meal periods to employees working at least five (5) hours or
any additional meal periods for working in excess of ten (10) hours, or compensation in
lieu thereof.

38.    On information and belief, Plaintiff and all other members of the proposed Class
experienced Defendant MCLANE SUNEAST, INC./or DOES' common company
policies of failing to provide paid ten (10) minute paid rest breaks to employees whom

worked four (4) hours or major fraction thereof.

39.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendant MCLANE SUNEAST, INC. and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendant and/or DOES' failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

40.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendant MCLANE SUNEAST, INC. and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendant and/or DOES' failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with MCLANE SUNEAST, INC. and/or DOES was willful.

41.    On information and belief, Plaintiff and all other members of the proposed Class experienced Defendant MCLANE SUNEAST, INC. and/or DOES' fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

42.    Plaintiff and the proposed class they seek to represent are covered by, inter alia, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

**B.    Defendant.**

43.    MCLANE SUNEAST, INC. and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in San Bernardino County and elsewhere within California. At these work sites and throughout California, Defendant MCLANE SUNEAST, INC. and/or DOES have, among other things, employed persons as truck

workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations who have been paid on a piece-rate basis.

44.    MCLANE SUNEAST, INC. and/or DOES employed Plaintiff and members of the proposed Class throughout the statutory liability period as non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations who are/were paid on a piece-rate basis. On information and belief MCLANE SUNEAST, INC. and/or DOES employed Plaintiff and members of the proposed Class on a piece-rate basis within California. On information and belief, MCLANE SUNEAST, INC. and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

45.    MCLANE SUNEAST, INC. and/or DOES' principal place of business is in the State of California. MCLANE SUNEAST, INC. and/or DOES have numerous office and/or contacts in the State of California. California is the nerve center of MCLANE SUNEAST, INC.'s. and/or DOES' operations.

46.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues this Defendant by such fictitious names under Code of Civil Procedure section 474. Plaintiff are informed and believes, and based thereon alleges, that each of the Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES when such identities become known.

47.    Plaintiff are informed and believe, and based thereon allege, that each Defendant and/or DOE acted in all respects pertinent to this action as the agent of the other Defendant and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent

hereto, and the acts of each Defendant and/or DOE are legally attributable to the other Defendant and/or DOES.

**III.    CLASS ACTION ALLEGATIONS**

48.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure and Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendant in the State of California as Non-Exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

> All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis

during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

1   All persons who are or have been employed by MCLANE

2   SUNEAST, INC. and/or DOES in the State of California as truck

3   workers, industrial truck workers, industrial truck drivers,

4   industrial vehicle drivers, industrial workers, and/or other similar

5   job designations and titles who are/were paid on a piece-rate basis

6   during the period of the relevant statute of limitations, who worked

7   one or more shifts in excess of 6 hours, but less than or equal to 10

8   hours.

9

10  All persons who are or have been employed by MCLANE

11  SUNEAST, INC. and/or DOES in the State of California as truck

12  workers, industrial truck workers, industrial truck drivers,

13  industrial vehicle drivers, industrial workers, and/or other similar

14  job designations and titles who are/were paid on a piece-rate basis

15  during the period of the relevant statute of limitations, who worked

16  one or more shifts in excess of 10 hours.

17

18  All persons who are or have been employed by MCLANE

19  SUNEAST, INC. and/or DOES in the State of California as truck

20  workers, industrial truck workers, industrial truck drivers,

21  industrial vehicle drivers, industrial workers, and/or other similar

22  job designations and titles who are/were paid on a piece-rate basis

23  during the period of the relevant statute of limitations, who

24  separated their employment from Defendant.

25

26  All persons who are or have been employed by MCLANE

27  SUNEAST, INC. and/or DOES in the State of California as truck

28

workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by MCLANE SUNEAST, INC. and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were not reimbursed and/or indemnified for expenses in direct consequence of the discharge of their work duties.

49.   Plaintiff reserve the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

50.   This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure and Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.    Numerosity**.

51.   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff are informed and believe that MCLANE SUNEAST, INC. and/or DOES currently employ, and during the liability period

employed, over fifty employees, all in the State of California, in positions as MCLANE

SUNEAST, INC. and/or DOES' Non-Exempt Employees that are truck workers,

industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial

workers, and/or other similar job designations and titles in San Bernardino County and

dispersed throughout California during the liability period and who are or have been

affected by MCLANE SUNEAST, INC. and/or DOES' policies of wage theft, failure to

pay all straight and overtime wages owed, failure to provide meal and/or rest periods

without the appropriate legal compensation, willful failure to pay all wages due at time of

separation from employment, failure to timely pay waiting time monies, and knowing and

intentional failure to provide accurate and itemized employee wage statements.

52.  Accounting for employee turnover during the relevant periods increases this number

substantially. Upon information and belief, Plaintiff alleges MCLANE SUNEAST, INC.

and/or DOES' employment records would provide information as to the number and

location of all Class Members. Joinder of all members of the proposed Class is not

practicable.

**B.    Commonality.**

53.  There are questions of law and fact common to the Class that predominate over any

questions affecting only individual Class Members. These common questions of law and

fact include, without limitation:

(1)  Whether MCLANE SUNEAST, INC. and/or DOES

violated the *Labor Code* and/or applicable IWC Wage Orders in failing to

pay employees all earned wages at the regular rate for all hours worked.

(2)  Whether MCLANE SUNEAST, INC. and/or DOES

violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other

applicable IWC Wage Orders, and California Code of Regulations, Title 8,

section 11090, by failing to authorize, permit, and/or provide paid rest

periods to employees for every four (4) hours or major fraction thereof

worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(3)     Whether MCLANE SUNEAST, INC. and/or DOES violated *Labor Code* sections 226, 1174, 1175 and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly, intentionally, and willfully failing to, among other things, accurately report compensation owed for rest period violations.

(4)     Whether MCLANE SUNEAST, INC. and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left MCLANE SUNEAST, INC. and/or DOES' employ or who were terminated.

(5)     Whether MCLANE SUNEAST, INC. and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left MCLANE SUNEAST, INC. and/or DOES' employ or who were terminated.

(6)     Whether MCLANE SUNEAST, INC. and/or DOES violated section 17200, et seq. of the *California Business and Professions Code* by failing to pay all straight and overtime wages owed, failing to provide rest periods without compensating proposed Class Members one (1) hour's pay for every day such periods were not provided, failing to pay all wages due upon termination of employment, and failing to keep accurate records of Class Members' compensation owed.

(7)     Whether MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of failing to pay employees all earned wages at the regular rate for all hours worked.

(8)    Whether MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of failing to authorize, permit, and/or provide paid rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(9)    Whether MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(10)    Whether MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left MCLANE SUNEAST, INC. and/or DOES' employ or who were terminated.

(11)    Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies violate Wage Order No. 9-2001 and *Labor Code* section 226.7.

(12)    Whether MCLANE SUNEAST, INC. and/or DOES wrongly converted Plaintiff' and proposed Class members' wages and/or monies to their own use.

(13)    Whether MCLANE SUNEAST, INC. and/or DOES fraudulently represented to Plaintiff and members of the proposed Class that all wages would be paid in order to induce Plaintiff and the Class they seek to represent into believing all wages would be paid and to induce Plaintiff and the Class they seek to represent to work for longer hours.

(14)    Whether MCLANE SUNEAST, INC. and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and members of the proposed Class wages they are owed.

FIRST AMENDED CLASS ACTION COMPLAINT    17

(15)    Whether MCLANE SUNEAST, INC. and/or DOES violated Cal. Code Regs. tit. 8, § 11090, subds. 11(B) by not providing second meal periods to Plaintiff and members of the proposed Class.

(16)    Whether MCLANE SUNEAST, INC. and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(17)    Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in MCLANE SUNEAST, INC. and/or DOES not providing meal and rest breaks, in that said policies pressured its Non-Exempt Employees to complete their routes and/or assigned tasks within rigorous time frames and not take meal and rest breaks and/or not legally provide meal periods.

(18)    Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in MCLANE SUNEAST, INC. and/or DOES pressuring its Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

(19)    Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in

MCLANE SUNEAST, INC. and/or DOES discouraging its Non-Exempt Employees from taking meal periods.

(20) Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in MCLANE SUNEAST, INC. and/or DOES impeding its Non-Exempt Employees from taking meal periods.

(20) Whether MCLANE SUNEAST, INC. and/or DOES' uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in MCLANE SUNEAST, INC. and/or DOES pressuring its Non-Exempt Employees to forego taking meal periods.

(21) Whether MCLANE SUNEAST, INC. and/or DOES had a pattern and practice of pressuring its Non-Exempt Employees to complete routes and/or assigned tasks within time frames that made it impractical for Non-Exempt Employees to be relieved of all duties for thirty (30) minute meal periods and/or ten (10) minute rest breaks.

(22) Whether MCLANE SUNEAST, INC. and/or DOES had a uniform policy of failing to pay Non-Exempt Employees for all straight and overtime wages owed.

(23) Whether MCLANE SUNEAST, INC. and/or DOES violated *Labor Code* sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(24) Whether MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of failing to reimburse or indemnify employees for business expenses incurred as a consequence of the discharge of their work duties.

54.    The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

55.    Each of said respective work practices and/or policies were uniform throughout all of MCLANE SUNEAST, INC. and/or DOES' California locations during the class period.

56.    Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.    Typicality.**

57.    The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by MCLANE SUNEAST, INC. and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

58.    Plaintiff SHENNADOAH MAXWELL was subjected to the same uniform policies and/or practices that affected all such employees.

59.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' uniform policies and/or practices resulted in said employees not being compensated for all straight time and overtime wages.

60.    As a result of MCLANE SUNEAST, INC. and/or DOES' uniform policies and/or practices of not paying all wages, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis were not paid the wages owed to them. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis are owed their earned wages.

61.    Throughout the statutory periods, MCLANE SUNEAST, INC. and/or DOES had uniform policies of pressuring Plaintiff and truck workers, industrial truck workers, industrial

FIRST AMENDED CLASS ACTION COMPLAINT    20

truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis to not take meal and/or rest breaks.

62.    As a result of said uniform policies and/or practices of pressure, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

63.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of discouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis from taking meal and/or rest periods.

64.    As a result of said uniform policies and/or practices of discouragement, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

65.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices encouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis of working during meal and/or rest periods.

66.    As a result of said uniform policies and/or practices of encouraging Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles to work during rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers,

industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis did not take meal and/or rest periods and/or worked during meal and/or rest periods.

67.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of impeding Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis from taking meal and/or rest periods.

68.    As a result of said uniform policies and/or practices of impeding Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis from taking rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles did not take meal and/or rest periods and/or worked during meal and/or rest periods.

69.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices of not satisfying its obligation to authorize and permit paid rest periods and/or provide meal periods to its employees, including truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis.

70.    As a result of said uniform policies and/or practices Defendant and/or DOES had of not satisfying its obligations to authorize and/or permit rest periods, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly either did not receive meal and/or rest periods and/or worked during meal and/or rest periods.

71.    Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices resulted in said employees not being provided with accurate and

itemized wage statements.

72. As a result of MCLANE SUNEAST, INC. and/or DOES' uniform policies and/or practices of not providing employees with accurate and itemized wage statements, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis were not provided with accurate and itemized wage statements. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who are/were paid on a piece-rate basis are owed appropriate penalties.

73. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had uniform policies and/or practices that resulted in employees not being timely paid all wages owed to them at the time they left MCLANE SUNEAST, INC. and/or DOES' employ, or were terminated.

74. As a result of MCLANE SUNEAST, INC. and/or DOES' uniform policies and/or practices of not paying all wages owed at the time of termination, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not paid the wages owed to them in a timely manner when they left MCLANE SUNEAST, INC. and/or DOES' employ or were terminated. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles that left MCLANE SUNEAST, INC. and/or DOES' employ or were terminated during the statutory period are owed waiting time penalties.

D. **Adequacy of Representation**.

75. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

76.   Plaintiff is ready and willing to take the time necessary to help prosecute this case.

77.   Plaintiff has no conflicts that will disallow him to fairly and adequately represent and protect the interests of the members of the class.

78.   Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

79.   Specifically, William Turley, Esq. and David Mara, Esq. are California lawyers in good standing.

80.   Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

81.   Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

82.   Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

83.   Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

84.   Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

85.   Mr. Turley and The Turley & Mara Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

86.   Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

**E.    Superiority of Class Action.**

87.   A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of MCLANE SUNEAST, INC. and/or DOES' illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

88.   Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

89.   Because such common questions predominate over any individualized issues and/or questions affecting only individual members, class resolution is superior to other methods for fair and efficient adjudication.

## IV.   CAUSES OF ACTION

**First Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Pay All Straight Time Wages**

90.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

91.   Plaintiff and those similarly situated Class members are and were long haul drivers for Defendant who drove long haul routes and were paid on a piece-rate basis.

92.   Defendant's piece-rate compensation scheme initially compensated Plaintiff and those similarly situated Class members by paying them by the mile driven, then Defendant changed its piece-rate compensation scheme to compensate Plaintiff and those similarly situated Class members by the mile, by the load and by the stop.

93.   Defendant's initial piece-rate pay structure paid its drivers on a per mile basis which means Plaintiff and those similarly situated Class members were only paid while the

wheels were moving.

94.  Defendant's amended piece-rate pay structure paid its drivers on a per mile basis, and for the drivers' load(s) and stop(s).

95.  Defendant's initial and amended piece-rate pay structure does not comply with California law, as it does not separately and directly pay for non-driving tasks and all work performed such as waiting time, time on-call, time on standby, pre and post trips, fueling, or waiting at weigh stations or inspections, time spent filling out paperwork, answering phones, breakdown pay, layovers, waiting for drop and hooks to be completed, washing trailers, routing and re-routing routes that are different from the dispatched routes.

96.  Defendant's piece-rate pay structure also does not comply with California law because it does not compensate drivers for actual miles driven. It, instead, pays for the "dispatched miles." That is, the amount of miles between points "A" and "B" as routed by the company. If the driver deviates from the dispatched route miles to avoid traffic, accidents, weather, hazards, detours, roads with truck restrictions, etc., the driver does not get paid for that.

97.  Defendant's piece-rate pay structure also does not comply with California law because it does not compensate drivers for time spent on-call.

98.  Defendant requires its drivers to be on-call if they do not satisfy Defendant's minimum route requirements or are needed to fill in for a driver who is on vacation or sick.

99.  Per Defendant's policies and practices, if a driver is on-call and receives a route assignment he or she must call Defendant back within the hour and accept the assignment.

100.  Drivers are required to be available via their personal cellular phones day and night if on-call.

101.  If a driver refuses a call, does not accept a route assignment, or does not timely return a call while on-call he or she could be terminated by Defendant.

102.  Under California law, the time Defendant's drivers spend on-call is compensable.

103.    Defendant does not compensate its drivers for their time spent on-call.

104.    Defendant's piece-rate pay structure also does not provide for separate compensation for rest periods as required by California law.

105.    By their policy of not separately paying compensation for all time worked, including, but not limited to time spent on-call, pre-trips, post-trips, waiting time, time between runs, phone time, paper work, drop and hook, washing truck trailers, and scheduling time to Plaintiff and the proposed Class of Non-Exempt Employees, Defendant violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

106.    By their policy of not separately paying compensation for all miles driven, per Defendant's piece-rate pay plan, to Plaintiff and the proposed Class of Non-Exempt Employees, Defendant violated the provisions of Cal. Code Regs., tit. 8, section 11090, subds. 1 and 4(B), *Lab. Code* sections 200, 221, 222, and 223.

107.    Defendant claims that they pay their Non-Exempt Employees for all miles driven, but Defendant does not pay their Non-Exempt Employees for all miles driven.

108.    By their policy of not paying compensation for all miles driven, Defendant and/or DOES misrepresent their piece-rate pay scheme to Non-Exempt Employees, who are not paid for all miles actually driven. Defendant and/or DOES misrepresent to Non-Exempt Employees that Defendant and/or DOES pay per mile, but actually do not pay per mile driven.

109.    By their policy of not providing paid rest breaks at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof, Defendant violated the provisions of Cal. Code Regs., tit. 8, section 11090, subd. 12(A).

110.    As a direct result of the unlawful acts of MCLANE SUNEAST, INC. and/or DOES Plaintiff and the Class he intends to represent have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to the provisions Cal. Code Regs., tit. 8, section

11090, subds. 1 and 4(B) and 12(A), *Lab. Code* sections 200, 221, 222, and 223.

111.    WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.

**Second Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Pay Overtime**

112.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

113.    It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

114.    MCLANE SUNEAST, INC. and/or DOES failed to pay overtime when employees worked over eight (8) hours per day and when employees worked over forty (40) hours per week.

115.    Plaintiff and those similarly situated Class members were routinely scheduled to work over eight (8) hours per day and forty (40) hours per week.

116.    Plaintiff and those similarly situated Class members were scheduled to work a minimum of seventy (70) hours per week, each week they were employed by Defendant, and would often exceed that amount due to their time spent on-call and on on-call assignments.

117.    Plaintiff and those similarly situated Class members were not compensated by Defendant for their time spent on-call.

118.    Apart from completing their scheduled routes, which were compensated on a piece-rate

basis, Plaintiff and those similarly situated Class members performed uncompensated, non-driving tasks for Defendant before, during and after their scheduled routes and performed uncompensated work during their auto-deducted thirty (30) minute meal periods causing them to work over eight (8) hours in a day and forty (40) hours in a week.

119.   Plaintiff and those similarly situated Class members were employed by MCLANE SUNEAST, INC and/or DOES at all relevant times. MCLANE SUNEAST, INC and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

120.   Plaintiff and those similarly situated Class members are informed and believe and thereon allege that MCLANE SUNEAST, INC. and/or DOES breached the legal duty to pay full wages to Plaintiff by automatically deducting a portion of the wages earned when Plaintiff and the Class Members' actual time records indicated that a meal period was not taken. MCLANE SUNEAST, INC. and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. MCLANE SUNEAST, INC. and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. MCLANE SUNEAST, INC. and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. MCLANE SUNEAST, INC. and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

121.   Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class Members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such

wages, and expenses and attorneys' fees in seeking to compel MCLANE SUNEAST, INC. and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. MCLANE SUNEAST, INC. and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class Members. MCLANE SUNEAST, INC. and/or DOES acted with malice or in conscious disregard of Plaintiff and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

122.    WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.

**Third Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Provide Meal Periods, or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

123.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

124.    Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

125.    In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than thirty (30) minutes.

126.    Under *California Labor Code* section 226.7, if the employer does not provide an

employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

127.    MCLANE SUNEAST, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, MCLANE SUNEAST, INC. and/or DOES' Non-Exempt Employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

128.    MCLANE SUNEAST, INC. and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

129.    Plaintiff and those similarly situated Class members were not provided with reasonable opportunities to take timely, uninterrupted, duty-free thirty (30) minute meal periods during their shifts and while driving their routes due to Defendant's restrictive scheduling of customer deliveries and its strict route completion policies and requirements.

130.    Plaintiff and those similarly situated Class members drove long hauls for Defendant along a large stretch of California ranging from Los Angeles to the Oregon border.

131.    At the beginning of each shift Plaintiff and those similarly situated Class members would receive route packets detailing the specific route they were to be driving that shift, each delivery they were scheduled to make, and the delivery window for each scheduled delivery that Defendant had communicated to its customers.

132.    Each shift, Plaintiff and those similarly situated Class members had around twenty (20) deliveries to make along a pre-set route.

133.    The delivery windows Defendant scheduled for each of its customers along its drivers' routes allowed only enough time for Plaintiff and those similarly situated Class members to drive their route to a customer for delivery, make the delivery, and continue straight on

to the next customer in order to make timely deliveries.

134. Defendant did not allot time in Plaintiff and those similarly situated Class members' delivery routes and schedules for off-duty, uninterrupted meal and rest periods.

135. Defendant did not schedule timely, off-duty, uninterrupted meal and rest periods for Plaintiff and those similarly situated Class members within their routes and delivery schedules.

136. The amount of deliveries Plaintiff and those similarly situated Class members were scheduled to complete in an assigned route and the delivery window provided for each delivery prevented Plaintiff and putative class members from breaking their routes to take uninterrupted, off-duty meal and rest periods during their scheduled shifts.

137. Defendant had a policy and practice of creating incentives for its drivers to forgo legally protected meal and rest breaks.

138. Defendant would incur monetary penalties from its customers if its drivers did not complete deliveries on-time and within the set delivery windows.

139. Plaintiff and those similarly situated Class members were warned by Defendant's driver supervisors not to incur these monetary penalties.

140. Defendant would hold monthly driver meetings in which its driver supervisors stressed that the company's profit margin was very small and the speed and efficiency with which Plaintiff and those similarly situated Class members could complete their deliveries and routes contributed to maintaining Defendant's profit margin.

141. Defendant's driver supervisors were under immense pressure to maintain Defendant's bottom-line by having its drivers complete their routes and deliveries in the most time-efficient way possible.

142. Defendant would call or text Plaintiff and those similarly situated Class members on Plaintiff and those similarly situated Class members' personal cellular phones during routes to check-in on them and ensure they were making on-time deliveries.

143. Defendant kept track of Plaintiff and those similarly situated Class members' "On-Time

Delivery Percentages" which would be discussed at its monthly driver meetings.

144. Maintaining a high "On-Time Delivery Percentage" would result in Plaintiff and those similarly situated Class members receiving bonuses while failing to maintain a high "On-Time Delivery Percentage" resulted in Plaintiff and those similarly situated Class members not receiving bonuses.

145. Falling below Defendant's target "On-Time Delivery Percentage" could also result in in Plaintiff and those similarly situated Class receiving disciplinary write-ups.

146. Failure to meet scheduled delivery windows, incurring monetary penalties from Defendant's customers, or inefficient route completion could result in Plaintiff and those similarly situated Class members receiving disciplinary write-ups from Defendant's supervisors, not receiving bonuses, or losing the ability to bid on enough routes to meet Defendant's minimum route requirements.

147. The quick succession and volume of scheduled deliveries that had to be completed in a given shift did not provide a reasonable opportunity for Plaintiff and those similarly situated Class members to break route and exercise their rights to take off-duty meal and rest periods without running afoul of the delivery windows provided to Defendant's customers or going over the maximum drive time.

148. Defendant scheduled Plaintiff and those similarly situated Class members' deliveries and delivery routes so tightly that by stopping to take timely, uninterrupted, off-duty meal and rest periods, Plaintiff and those similarly situated Class members ran the risk of going over the maximum drive time allowed per route and week under Defendant's policies.

149. Thus, Plaintiff and those similarly situated Class members were required to work through their meal and rest periods each shift to make their scheduled deliveries within their respective delivery windows, stay within the maximum drive time allowed by Defendant, and complete their routes as efficiently as possible.

150. MCLANE SUNEAST, INC. and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not reasonably be completed in their

assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to eat their meals while driving and/or while working their routes.

151. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take meal periods.

152. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in MCLANE SUNEAST, INC. /or DOES pressuring Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

153. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in MCLANE SUNEAST, INC. and/or DOES discouraging Non-Exempt Employees from taking meal periods.

154. Throughout the statutory period, MCLANE SUNEAST, INC.  and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in MCLANE SUNEAST, INC. and/or DOES impeding Non-Exempt Employees from taking meal periods.

155. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES valued productivity over providing meal periods and, because of this, meal breaks were not priorities to MCLANE SUNEAST, INC. and/or DOES.

156. Because of MCLANE SUNEAST, INC. and/or DOES' demanding policies on route and/or completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take meal periods would sacrifice their jobs with MCLANE SUNEAST, INC. and/or DOES.

157. Based on MCLANE SUNEAST, INC. and/or DOES' demanding route and/or task completion time policies, Plaintiff and those similarly situated routinely worked through

their meal periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

158. Throughout the statutory period, MCLANE SUNEAST, INC.  and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

159. MCLANE SUNEAST, INC. and/or DOES thereby failed to provide an additional thirty (30) minute uninterrupted meal period for Non-Exempt Employees on days where they worked in excess of ten (10) hours.

160. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, MCLANE SUNEAST, INC. and/or DOES willfully violated the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

161. As a result of the unlawful acts of MCLANE SUNEAST, INC. and/or DOES, Plaintiff and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiff and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with MCLANE SUNEAST, INC. and/or DOES.

162. WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.

**Fourth Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Authorize and Permit Paid Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

163. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

164.  MCLANE SUNEAST, INC.  and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major

fraction thereof.

165.    MCLANE SUNEAST, INC. and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

166.    In failing to provide paid rest periods, Defendant violated Labor Code Section 226.2(a)(1), which mandates "Employees shall be compensated for rest and recovery periods…"

167.    Plaintiff and those similarly situated Class members were not provided with reasonable opportunities to take timely, uninterrupted, duty-free ten (10) minute rest periods every four (4) hours worked, or major fraction thereof during their shifts and while driving their routes due to Defendant's restrictive scheduling of customer deliveries along drivers' routes and its strict route completion policies and requirements.

168.    Plaintiff and those similarly situated Class members drove long hauls for Defendant along a large stretch of California ranging from Los Angeles to the Oregon border.

169.    At the beginning of each shift Plaintiff and those similarly situated Class members would receive route packets detailing the specific route they were to be driving that shift, each delivery they were scheduled to make, and the delivery window for each scheduled delivery that Defendant had communicated to its customers.

170.    Each shift, Plaintiff and those similarly situated Class members had around twenty (20) deliveries to make along a pre-set route.

171.    The delivery windows Defendant scheduled for each of its customers along its drivers' routes allowed only enough time for Plaintiff and those similarly situated Class members to drive their route to a customer for delivery, make the delivery, and continue straight on to the next customer in order to make timely deliveries.

172.    Defendant did not allot time in Plaintiff and those similarly situated Class members' delivery routes and schedules for off-duty, uninterrupted meal and rest periods.

173.    Defendant did not schedule off-duty, uninterrupted meal and rest periods for Plaintiff and

those similarly situated Class members within their routes and delivery schedules.

174. The amount of deliveries Plaintiff and those similarly situated Class members were scheduled to complete in an assigned route and the delivery window provided for each delivery prevented Plaintiff and putative class members from breaking their routes to take uninterrupted, off-duty meal and rest periods during their scheduled shifts.

175. Defendant had a policy and practice of creating incentives for its drivers to forgo legally protected meal and rest breaks.

176. Defendant would incur monetary penalties from its customers if its drivers did not complete deliveries on-time and within the set delivery windows.

177. Plaintiff and those similarly situated Class members were warned by Defendant's driver supervisors not to incur these monetary penalties.

178. Defendant would hold monthly driver meetings in which its driver supervisors stressed that the company's profit margin was very small and the speed and efficiency with which Plaintiff and those similarly situated Class members could complete their deliveries and routes contributed to maintaining Defendant's profit margin.

179. Defendant's driver supervisors were under immense pressure to maintain Defendant's bottom-line by having its drivers complete their routes and deliveries in the most time-efficient way possible.

180. Defendant would call or text Plaintiff and those similarly situated Class members on Plaintiff and those similarly situated Class members' personal cellular phones during routes to check-in on them and ensure they were making on-time deliveries.

181. Defendant kept track of Plaintiff and those similarly situated Class members' "On-Time Delivery Percentages" which would be discussed at its monthly driver meetings.

182. Maintaining a high "On-Time Delivery Percentage" would result in Plaintiff and those similarly situated Class members receiving bonuses while failing to maintain a high "On-Time Delivery Percentage" resulted in Plaintiff and those similarly situated Class members not receiving bonuses.

183. Falling below Defendant's target "On-Time Delivery Percentage" could also result in in Plaintiff and those similarly situated Class receiving disciplinary write-ups.

184. Failure to meet scheduled delivery windows, incurring monetary penalties from Defendant's customers, or inefficient route completion could result in Plaintiff and those similarly situated Class members receiving disciplinary write-ups from Defendant's supervisors, not receiving bonuses, or losing the ability to bid on enough routes to meet Defendant's minimum route requirements.

185. The quick succession and volume of scheduled deliveries that had to be completed in a given shift did not provide a reasonable opportunity for Plaintiff and those similarly situated Class members to break route and exercise their rights to take off-duty meal and rest periods without running afoul of the delivery windows provided to Defendant's customers or going over the maximum drive time.

186. Defendant scheduled Plaintiff and those similarly situated Class members' deliveries and delivery routes so tightly that by stopping to take timely, uninterrupted, off-duty meal and rest periods, Plaintiff and those similarly situated Class members ran the risk of going over the maximum drive time allowed per route and week under Defendant's policies.

187. Thus, Plaintiff and those similarly situated Class members were required to work through their meal and rest periods each shift to make their scheduled deliveries within their respective delivery windows, stay within the maximum drive time allowed by Defendant, and complete their routes as efficiently as possible. In the alternative, MCLANE SUNEAST, INC. and/or DOES' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed within their assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to work through their rest periods.

188. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take rest

periods.

189. Because of MCLANE SUNEAST, INC. and/or DOES' demanding policies on route and/or task completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take rest breaks would sacrifice their jobs with MCLANE SUNEAST, INC. and/or DOES.

190. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' uniform policies and practices resulted in Non-Exempt Employees not receiving rest breaks.

191. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to MCLANE SUNEAST, INC. and/or DOES.

192. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES' policies promoting productivity subjugated Plaintiff and those similarly situateds' rights to rest periods.

193. Based on MCLANE SUNEAST, INC. and/or DOES' demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

194. Throughout the statutory period, MCLANE SUNEAST, INC. and/or DOES had no policy that advised Plaintiff and those similarly situated of their rights to take an additional rest periods in shifts exceeding ten (10) hours in a day.

195. Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten (10) minute rest period when working in excess of ten (10) hours a day.

196. By its failure to authorize and permit Class Members to take rest periods for every four (4) hours or major fraction thereof worked per day, MCLANE SUNEAST, INC. and/or DOES willfully violated provisions of *Labor Code* section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent

1    did not willfully waive their right to take rest periods through mutual consent with

2    MCLANE SUNEAST, INC. and/or DOES.

3   197.   As a result of the unlawful acts of MCLANE SUNEAST, INC. and/or DOES, Plaintiff

4    and the Class they seek to represent have been deprived of premium wages in amounts to

5    be determined at trial, and are entitled to recovery of such amounts, plus interest and

6    penalties thereon, attorneys' fees and costs, under *Labor Code* sections 226, 226.7, and

7    IWC Wage Orders 9-1998, 9-2000, 9-2001.

8   198.   WHEREFORE, Plaintiff and the Class they seek to represent request relief as described

9    below.

10

11 **Fifth Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (<u>Lab. Code §§ 226, 226.2 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8, § 11040</u>)**

12

13   199.   Plaintiff and those similarly situated Class members hereby incorporate by reference each

14    and every other paragraph in this Complaint herein as if fully plead.

15   200.   *Labor Code* section 226 subdivision (a) requires Defendant and/or DOES, at the time of

16    each payment of wages, "furnish each of his or her employees, either as a detachable part

17    of the check, draft, or voucher paying the employee's wages, or separately when wages

18    are paid by personal check or cash, an accurate itemized statement in writing showing (1)

19    gross wages earned, (2) total hours worked by the employee… (3) the number of piece-

20    rate units earned and any applicable piece rate if the employee is paid on a piece-rate

21    basis, (4) all deductions, provided that all deductions made on written orders of the

22    employee may be aggregated and shown as one item, (5) net wages earned, (6) the

23    inclusive dates of the period for which the employee is paid, (7) the name of the

24    employee and only the last four digits of his or her social security number or an employee

25    identification number other than the social security number, (8) the name and address of

26    the legal entity that is the employer…(9) all applicable hourly rates in effect during the

27    pay period and the corresponding number of hours worked at each hourly rate and the

28

corresponding number of hours worked at each hourly rate by the employee..."

201.    Labor Code section 226, subdivision (a) also requires that "deductions made from payment of wages shall be recorded in ink or other indelible form, properly dates, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California." to itemize in wage statements and to accurately report the total hours worked and total wages earned. MCLANE SUNEAST, INC. and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiff SHENNADOAH MAXWELL and members of the proposed Class.

202.    In every pay period during the period of the relevant statute of limitations, MCLANE SUNEAST, INC. and/or DOES knowingly and intentionally did not itemize all deductions from earned wages on wage statements as required by Labor Code section 226, subdivision (a). MCLANE SUNEAST, INC. and/or DOES had a uniform policy of deducting 30-minutes each workday from Plaintiff and the class' wages for meal periods, despite the fact that Plaintiff and the class were working during and throughout the time period of the deduction. MCLANE SUNEAST, INC. and/or DOES violated the Labor Code section 226, subdivision (a) requirement of itemizing all deductions from wages. As MCLANE SUNEAST, INC. and/or DOES knew or had reason to know Plaintiff and the class were working during meal periods, MCLANE SUNEAST, INC. and/or DOES knowingly and intentionally failed to comply with Labor Code Section 226, subdivision (a).

203.    MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize all deductions is not derivative of Plaintiff' cause of action pled herein for failure to provide meal periods. It is a stand-alone, wholly independent claim, for failing to itemize all deductions from earned wages on wage statements.

204.  In every pay period during the period of the relevant statute of limitations, MCLANE
SUNEAST, INC. and/or DOES knowingly and intentionally did not itemize the total
hours worked on wage statements as Labor Code section 226, subsection (a), requires. In
every pay period during the period of the relevant statute of limitations, MCLANE
SUNEAST, INC. and/or DOES knowingly and intentionally did not include the time
worked during meal periods on wage statements, despite knowing that Plaintiff and the
class were working through meal periods. MCLANE SUNEAST, INC. and/or DOES
therefore knowingly and intentionally failed to itemize all hours worked on Plaintiff' and
the class' wage statements.

205.  MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226,
subdivision (a) for knowingly and intentionally failing to itemize all hours worked on
wage statements is not derivative of Plaintiff' cause of action pled herein for failure to
provide meal periods. It is a stand-alone, wholly independent claim, for failing to itemize
all hours worked on wage statements.

206.  In every pay period during the period of the relevant statute of limitations, MCLANE
SUNEAST, INC. and/or DOES knowingly and intentionally did not itemize the
beginning and ending date of the pay period on wage statements as Labor Code section
226, subsection (a), requires. MCLANE SUNEAST, INC. and/or DOES knew of – but
violated - their obligation to include this information on wage statements and knew
Plaintiff and the class needed that information to determine if they have been paid
correctly during the pay period. MCLANE SUNEAST, INC. and/or DOES therefore
knowingly and intentionally failed to itemize the beginning and ending of the pay periods
on Plaintiff' and the class' wage statements.

207.  MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226,
subdivision (a) for knowingly and intentionally failing to itemize the beginning and
ending dates of the applicable pay periods on wage statements is not derivative of any of
Plaintiff' other causes of action pled herein or anywhere else. It is a stand-alone, wholly

independent claim, for failing to itemize the beginning and ending dates of applicable pay periods on wage statements.

208.  In every pay period during the period of the relevant statute of limitations, MCLANE SUNEAST, INC. and/or DOES knowingly and intentionally did not itemize the applicable rates of pay on wage statements as Labor Code section 226, subsection (a), requires. MCLANE SUNEAST, INC. and/or DOES knew of – but violated - their obligation to include this information on wage statements and knew Plaintiff and the class needed that information to determine if they have been paid correctly during the pay period. MCLANE SUNEAST, INC. and/or DOES therefore knowingly and intentionally failed to itemize the applicable rates of pay on Plaintiff' and the class' wage statements.

209.  MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize the applicable rates of pay on wage statements is not derivative of any of Plaintiff' other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize the applicable rates of pay on wage statements.

210.  In every pay period during the period of the relevant statute of limitations, MCLANE SUNEAST, INC. and/or DOES knowingly and intentionally did not itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements as Labor Code section 226, subsection (a), requires. MCLANE SUNEAST, INC. and/or DOES knew of – but violated - their obligation to include this information on wage statements and knew Plaintiff and the class needed that information to determine if they have been paid correctly during the pay period. MCLANE SUNEAST, INC. and/or DOES therefore knowingly and intentionally failed to itemize the rates and basis for how bonuses and other incentive pay were calculated on class' wage statements.

211.  MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements is not

derivative of any of Plaintiff' other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements.

212. In every pay period during the period of the relevant statute of limitations, MCLANE SUNEAST, INC. and/or DOES knowingly and intentionally did not keep records of deductions from wages in ink or other indelible form for at least three years as Labor Code section 226, subsection (a), requires. MCLANE SUNEAST, INC. and/or DOES knew of – but violated - their obligation to so keep these records. MCLANE SUNEAST, INC. and/or DOES therefore knowingly and intentionally failed to keep accurate records of deductions from Plaintiff' and the class' wages.

213. MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to keep records of deductions from wages in ink or other indelible form for at least three years is not derivative of any of Plaintiff' other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to keep records of deductions from wages in ink or other indelible form for at least three years.

214. Labor Code Section 226.2 also mandates that, for employees like Plaintiff and the proposed class who are paid on a piece-rate basis, employers provide employees an itemized wage statement each pay period that specifies "The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period."

215. MCLANE SUNEAST, INC. and/or DOES failed to provide wage statements during the relevant time period that itemized the total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period. As such, Plaintiff and members of the proposed class had no way of knowing what they were paid for those periods.

216. Labor Code Section 226.2 further mandates that, for employees like Plaintiff and the

proposed class who are paid on a piece-rate basis, employers provide employees an itemized wage statement each pay period that specifies "the total hours of other nonproductive time… and the gross wages paid for that time during the pay period." Labor Code Section 226.2 defines "other nonproductive time" as "time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis."

217.   MCLANE SUNEAST, INC. and/or DOES failed to provide wage statements during the relevant time period that itemized the total hours of other nonproductive time and the gross wages paid for that time during the pay period." As such, Plaintiff and members of the proposed class had no way of knowing what they were paid for those periods.

218.   Thus, Plaintiff and those similarly situated Class members were unable to ascertain their total hours worked, total piece-rate units earned, gross and net wages earned, and whether they received all wages owed to them from the wage statements they received from Defendant without being forced to perform mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked.

219.   MCLANE SUNEAST, INC. and/or DOES' violation of Labor Code section 226.2 is not derivative of any other cause of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize wage statements in accordance with Labor Code section 226.2.

220.   As a direct result of MCLANE SUNEAST, INC. and/or DOES' unlawful acts, Plaintiff and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to *Labor Code* section 226.

221.   WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.

///

FIRST AMENDED CLASS ACTION COMPLAINT    45

**Sixth Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (<u>Lab. Code §§ 201-203</u>)**

222.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

223.    Plaintiff SHENNADOAH MAXWELL terminated his employment with MCLANE SUNEAST, INC. and/or DOES.

224.    Whether Plaintiff SHENNADOAH MAXWELL voluntarily or involuntarily terminated his employment with MCLANE SUNEAST, INC. and/or DOES, Defendant and/or DOES did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

225.    Numerous members of the Class are no longer employed by MCLANE SUNEAST, INC. and/or DOES. They were either fired or quit MCLANE SUNEAST, INC. and/or DOES' employ. MCLANE SUNEAST, INC. and/or DOES did not pay all timely wages owed at the time of their termination.

226.    *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

227.    MCLANE SUNEAST, INC. and/or DOES failed to pay Plaintiff SHENNADOAH MAXWELL a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *Labor Code* section 203, Plaintiff SHENNADOAH MAXWELL is entitled to a penalty in the amount of their daily wage, multiplied by thirty (30) days.

228.    When Plaintiff and those members of the Class who are former employees of MCLANE SUNEAST, INC. and/or DOES separated from MCLANE SUNEAST, INC. and/or

DOES' employ, Defendant and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

229.    MCLANE SUNEAST, INC. and/or DOES' failure to pay said wages to Plaintiff SHENNADOAH MAXWELL and members of the Class he seeks to represent was willful in that MCLANE SUNEAST, INC. and/or DOES knew the wages to be due, but failed to pay him.

230.    As a consequence of MCLANE SUNEAST, INC. and/or DOES' willful conduct in not paying wages owed at the time of separation from employment, Plaintiff SHENNADOAH MAXWELL, and members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

231.    WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.
    **Seventh Cause of Action Against MCLANE SUNEAST, INC. and/or DOES: Failure to Reimburse/Illegal Deductions (Lab. Code §§ 221, 2802; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090)**

232.    Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

233.    An employer shall indemnify employees for all necessary expenditures or losses incurred by the employees in direct consequence of the discharge of the employees' duties, or the employees' obedience to the directions of the employer. Further, an employer shall not collect or receive from an employee any part of wages theretofore paid by employer to employee.

234.    Defendant and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiff and the Class members for expenses for company and/or business related purposes.

235.    Defendant and/or DOES have had a continuous policy and/or practice of failing to

reimburse and/or indemnify Plaintiff and the Class Members for expenses incurred as a direct consequence of the discharge of their work duties.

236. Defendant and/or DOES have had a continuous policy and/or practice of failing to reimburse and/or indemnify Plaintiff and the Class Members for expenses incurred in direct consequence of employees' obedience to the directions of Defendant and/or DOES.

237. Defendant and/or DOES have had a continuous policy and/or practice of requiring Plaintiff and those similarly situated Class members to be on-call if they have not satisfied Defendant's minimum route requirements or are needed to fill in for a driver who is on vacation or sick.

238. Per Defendant's policies and practices, if a driver is on-call and receives a route assignment he or she must call Defendant back on his or her personal cellular phone within the hour and accept the assignment.

239. Drivers are required to be available via their personal cellular phones day and night if on-call.

240. If a driver refuses a call, does not accept a route assignment, or does not timely return a call while on-call he or she could be terminated by Defendant.

241. Defendant and/or DOES have had a continuous policy and/or practice of not compensating Plaintiff and those similarly situated Class members for use of their personal cellular phones while on-call for Defendant.

242. Defendant and/or DOES have had a continuous policy and/or practice of requiring Plaintiff and those similarly situated Class members to use their personal cellular phones to communicate with Defendant while driving their routes and making their deliveries.

243. The only method of communication Defendant has with Plaintiff and those similarly situated Class members while they are on their routes is through Plaintiff and those similarly situated Class members' personal cellular phones.

244. Defendant and/or DOES have had a continuous policy and/or practice of not compensating Plaintiff and those similarly situated Class members for use of Plaintiff and

those similarly situated Class members' personal cellular phones to communicate with

Defendant while driving their routes and making their deliveries.

245. Said continuous policy and/or practice of failing to reimburse Plaintiff and Class

Members and deducting wages from employees is illegal under *Labor Code* sections 221,

2802, and Cal. Code Regs. Title 8, section 11090(8).

246. As a direct result of Defendant and/or DOES' policy of failing to reimburse Plaintiff and

Class Members and deducting wages from employees, Plaintiff and those similarly

situated have been damaged in an amount to be proven at trial.

247. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

below.

**Eighth Cause of Action Against MCLANE SUNEAST, INC. and/or DOES:
Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et
seq.)**

248. Plaintiff and those similarly situated Class members hereby incorporate by reference each

and every other paragraph in this Complaint herein as if fully plead.

249. MCLANE SUNEAST, INC. and/or DOES' failure to pay all straight time and overtime

wages earned, failure to provide compliant meal and/or rest breaks and/or compensation

in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due

at time of termination, as alleged herein, constitutes unlawful activity prohibited by

*California Business and Professions Code* section 17200, et seq.

250. The actions of MCLANE SUNEAST, INC. and/or DOES in failing to pay Plaintiff and

members of the proposed Class in a lawful manner, as alleged herein, constitutes false,

unfair, fraudulent and deceptive business practices, within the meaning of *California

Business and Professions Code* section 17200, et seq.

251. Plaintiff are entitled to an injunction and other equitable relief against such unlawful

practices in order to prevent future damage, for which there is no adequate remedy at law,

and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as

members of the general public actually harmed and as a representative of all others subject to MCLANE SUNEAST, INC. and/or DOES' unlawful acts and practices.

252.  As a result of their unlawful acts, MCLANE SUNEAST, INC. and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class they seek to represent. MCLANE SUNEAST, INC. and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to *Business and Professions Code* section 17203. Plaintiff is informed and believes, and thereon allege, that Defendant and/or DOES are unjustly enriched through their policy of not paying all wages owed to Plaintiff and members of the proposed class.

253.  Plaintiff is informed and believes, and thereon allege, that Plaintiff and members of the proposed class are prejudiced by MCLANE SUNEAST, INC. and/or DOES' unfair trade practices.

254.  As a direct and proximate result of the unfair business practices of MCLANE SUNEAST, INC. and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining MCLANE SUNEAST, INC. and/or DOES from engaging in the practices described herein.

255.  The illegal conduct alleged herein is continuing, and there is no indication that MCLANE SUNEAST, INC. and/or DOES will cease and desist from such activity in the future. Plaintiff allege that if MCLANE SUNEAST, INC. and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

256.  Plaintiff further request that the Court issue a preliminary and permanent injunction prohibiting MCLANE SUNEAST, INC. and/or DOES from continuing to not pay

Plaintiff and the members of the proposed Class overtime wages as discussed herein.

257.    WHEREFORE, Plaintiff and the Class they seek to represent request relief as described below.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    For compensatory damages, in an amount according to proof at trial, with interest thereon;

3.    For economic and/or special damages in an amount according to proof with interest thereon;

4.    For unpaid straight time and overtime wages in an amount according to proof at trial, with interest thereon;

5.    For compensation for all time worked;

6.    For compensation for not being provided paid rest breaks;

7.    For compensation for not being provided paid meal periods;

8.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9.    For all waiting time penalties owed;

10.    For reimbursement of business expenses;

11.    That Defendant be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

12.    That Defendant be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

13.    That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

14.   That Defendant be enjoined from continuing the illegal course of conduct, alleged herein;

15.   That Defendant further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions Code*;

16.   That Defendant be enjoined from further acts of restraint of trade or unfair competition;

17.   For attorneys' fees;

18.   For interest accrued to date;

19.   For costs of suit and expenses incurred herein; and

20.   For any such other and further relief as the Court deems just and proper.

Dated: May 15, 2017                          **THE TURLEY & MARA LAW FIRM, APLC**

By /s/ *William Turley*
    William Turley, Esq.
    David Mara, Esq.
    Jamie Serb, Esq.
    Katharine McCall, Esq.
    Representing Plaintiff SHENNADOAH
    MAXWELL, on behalf of himself, all others
    similarly situated, and on behalf of the general
    public.